(Pleito No. 96.—Fallado el 24 de Octubre de 1900.)

## LEDESMA contra GONZÁLEZ.

RECURSO contra sentencia dictada por la Corte de Distrito
de San Juan.

PRUEBA. En una acción reivindicatoria del dominio de una cosa el actor
debe acreditar cumplidamente dicho dominio, siéndole exclusivamente
aplicable la máxima *Actore non probante, reus est absolvendi.* El
tenedor ó poseedor de la cosa no está obligado á justificar ó probar su
título, por lo que dicha máxima no puede aplicarse en contra suya.
Incumbe al actor identificar la propiedad.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á
veinte y cuatro de Octubre de mil novecientos, en el pleito
seguido en el Tribunal del Distrito de Arecibo por la razón
social Ledesma, Artau y Cª, Don Fabián Franco Vicente y
Don Peregrino Villamil Torrado, del comercio de dicha
Villa, con Doña Josefa Ramona y Don Ramón Amador
González Maldonado, agricultores, vecinos de Utuado, sobre
reivindicación de una finca rústica; pendiente ante Nos en
virtud de recurso de casación, por infracción de ley, inter-
puesto por los demandantes, á quienes ha representado y
defendido el Licenciado Don Herminio Díaz Navarro,
habiendo llevado la representación y defensa de los recu-
rridos el Letrado Don Hilario Cuevillas Hernández.—
Resultando: Que en veinte y tres de Octubre del año
próximo pasado, la razón social Ledesma, Artau y Cª, Don
Fabián Franco Vicente y Don Peregrino Villamil Torrado,
presentaron la demanda, objeto de estos autos, que dirigieron
contra Doña Josefa Ramona González Maldonado y Don
Ramón Amador de los mismos apellidos, en la que ejerci-

tando la acción reivindicatoria, pidieron se declarara por sentencia pertenecerles en propiedad y dominio pleno una finca rústica de quinientas cuerdas, veinte y cinco céntimos, equivalentes á ciento noventa y seis hectáreas, sesenta y una áreas y ochenta y dos centiáreas, radicadas en el lugar denominado Corrales y Cuevas, del barrio de Don Alonso, de Utuado, con plantaciones de café, plátano, palmas de yaguas y emajaguas, casa para vivienda de planta alta y cocina, otra casa terrera, otra casa-almacén junta al glacis, otra casa con máquina de romper café, otra con tahona, otra en alto, cerca del camino, otra frente á éste, que sirve para tienda, y un tanque, siendo sus colindancias las siguientes: por el Norte, Don Manuel Candelario Santiago, Don Manuel de Jesús Serrano y Don José Dolores Colón; por el Sud, Don Pablo Leoncio Viruet; por el Este, Doña María Ildefonsa y Don Martín Viruet, Don Rafael Delgado y Doña María Cecilia Brugman; y por el Oeste, Don Eusebio Medina y Don Manuel Candelario Viruet, y se condenara á los demandados á respetarles en esa propiedad; á indemnizarles los daños y perjuicios que con los actos por ellos ejecutados en dicha finca les hayan producido, y al pago de las costas.—Resultando: Que los demandantes alegaron en apoyo de su pedimento, que en el barrio de Don Alonso, del término municipal de Utuado, lugares denominados Corrales y Cuevas, radicaba una finca rústica compuesta de seiscientas treinta cuerdas y veinte y cinco céntimos de otra, equivalentes á doscientas cuarenta y siete hectáreas, sesenta y una áreas y treinta y siete centiáreas, á pastos y malezas, con plantaciones de café y varios edificios, colindando por el Norte con tierras de Don Manuel Candelario Santiago, Don Manuel de Jesús Serrano y Don José Dolores Colón; por el Este, con las de Doña Ildefonsa y Don Martín Viruet y Don Amador González; por el Sud, con las de Don Antonio Santiago y Doña Rosalía y Don Juan Manuel Torres, y por el Oeste, con las de Don Manuel Ríos, Don Eusebio Medina y Don Manuel Candelario Viruet; que la finca descrita se

adjudicó á Doña Pascasia Torres Serrano en pago de parte del haber que le correspondió por su aportación matrimonial y mitad de gananciales al fallecimiento de su esposo Don Juan Francisco Viruet, según las operaciones de división de herencia de éste, protocoladas en diez de Octubre de mil ochocientos ochenta y siete en la Notaría de Utuado, inscritas en lo referente á esa finca en el Registro de la Propiedad de Arecibo; que la finca expresada se formó con cincuenta cuerdas que adquirió don Juan Francisco Viruet por compra á Don Martín Viruet, con diez cuerdas que hubo por compra á Don Manuel Federico Viruet, con veinte y seis cuerdas que compró á Don Amador González, con siete y media cuerdas que hubo de Don Manuel Ríos, y con diez y seis y media cuerdas que compró á Cándida Colón y Sánchez, cuyas parcelas de terreno dan el total de ciento diez cuerdas, inscritas todas en el Registro de la Propiedad de Arecibo á virtud de expediente posesorio aprobado el veinte y seis de Abril de mil ochocientos ochenta y siete por el Juez municipal de Utuado, y con quinientas veinte cuerdas, veinte y cinco céntimos, segregadas de seiscientas quince que componen la hacienda "San Agustín", cuyo dominio adquirió Don Juan Francisco Viruet por compra á Don Luis Barrios, según escritura pública otorgada en la Notaría de Utuado el veinte y seis de Diciembre de mil ochocientos setenta y nueve é inscrita en el mencionado Registro; que de la finca así formada se segregó una porción de quinientas setenta cuerdas veinte y cinco céntimos, equivalentes á doscientas veinte y cuatro hectáreas, trece áreas y trece centiáreas, con las colindancias siguientes: por el Norte, Don Manuel de Jesús Serrano, Don José Dolores Colón y Doña Pascasia Torres; por el Oeste, Don Eusebio Medina, Don Manuel Candelario Viruet y Doña Pascasia Torres; por el Este, Doña María Ildefonsa Viruet, Don Martín Viruet y Don Amador González y por el Sud, Don Antonio de Santiago y Doña Rosalía y Don Juan Torres; que esa porción segregada fué vendida, como finca independiente, por Doña Pascasia

Torres Serrano á Don Pablo Leoncio Viruet Torres, mediante escritura pública otorgada en Arecibo el trece de Mayo de mil ochocientos noventa y uno; que de la finca de quinientas setenta cuerdas, veinte y cinco céntimos, se segregó para formar finca aparte una porción de cuatrocientas cuarenta cuerdas, veinte y cinco céntimos, equivalentes á ciento setenta y tres hectáreas, tres áreas y cincuenta y ocho centiáreas, con plantaciones de café, plátanos, palmas y emajaguas, casa habitación de planta alta con su cocina, otra casa terrera, otra casa almacén junto á un glacis, otra casa con máquina para romper café, otra con tahona, otra cerca de un camino, otra frente á éste, que sirve para tienda, y un tanque, siendo sus colindancias por el Norte, Don Manuel de Jesús Serrano y Don José Dolores Colón; por el Sud, Don Pablo Leoncio Viruet; por el Este, antes Doña María Ildefonsa Viruet, Don Martín Viruet y Don Amador González, y hoy, Don Rafael Delgado y Doña Ramona Cecilia Brugman, y por el Oeste, Don Eusebio Medina, Don Manuel Candelario Viruet y Doña Pascasia Torres; que esa porción de cuatrocientas cuarenta cuerdas, veinte y cinco céntimos, por escritura pública de ocho de Mayo de mil ochocientos noventa y cinco, inscrita en el Registro de la Propiedad de Arecibo, fué vendida por Don Pablo Leoncio Viruet á Don Bruno Concepción Chabrier y Brugman y á Doña Ramona Cecilia Brugman y Laborde; que habiéndose segregado de las seiscientas treinta cuerdas, veinte y cinco céntimos, que al principio se mencionaron, quinientas setenta cuerdas, veinte y cinco céntimos, que también quedan indicadas, restaron sesenta cuerdas, equivalentes á veinte y tres hectáreas cincuenta y ocho áreas y veinte y cuatro centiáreas, colindantes por el Norte con Manuel Candelario Santiago; por el Sud, con Manuel Torres; por el Este, con Ildefonsa y Martín Viruet y Manuel González, y por el Oeste, con Pablo Leoncio Viruet; que dichas sesenta cuerdas fueron vendidas por Doña Pascasia Torres y Serrano á Don Bruno Concepción Chabrier y Brugman y á Doña Cecilia Brugman y Laborde,

según escritura pública de ocho de Mayo de mil ochocientos noventa y seis, inscrita en el Registro de la Propiedad de Arecibo; que el Chabrier y la Brugman, dueños de esas sesenta cuerdas y de las cuatrocientas cuarenta que anteriormente habían adquirido, formaron, agrupando ambas porciones, una finca de quinientas cuerdas, veinte y cinco céntimos, la misma á que se contrae la súplica de la demanda; que esa finca fué hipotecada por sus dueños á los Sres. Ledesma, Artau y Cª por veinte mil ciento sesenta y tres pesos, veinte centavos, á Don Adolfo López por cinco mil trescientos cuarenta y nueve pesos cincuenta centavos, y á Don Peregrino Villamil Torrado por dos mil doscientos pesos, según escritura pública de ocho de Mayo de mil ochocientos noventa y seis, inscrita en el Registro de la Propiedad de Arecibo, habiendo hecho Don Adolfo López cesión de su crédito á Don Fabián Franco Vicente, á cuyo favor constituyeron los dueños de la finca otra hipoteca por dos mil trescientos sesenta y seis pesos, según escritura de seis de Abril de mil ochocientos noventa y siete, también inscrita en el mismo Registro, quedando subsistentes las anteriores hipotecas; que no habiendo satisfecho Don Bruno Concepción Chabrier y Brugman y Doña Cecilia Brugman y Laborde, los créditos relacionados, se siguió contra ellos por los Sres. Fabián Franco, Peregrino Villamil y Ledesma, Artau y Cª procedimiento ejecutivo sumarísimo, dentro del cual se sacó á remate la finca, que por falta de licitadores se adjudicó á los ejecutantes proindiviso y en proporción de sus respectivos créditos, dándoseles posesión de ella en cuatro de Marzo de mil ochocientos noventa y ocho por un alguacil del Juzgado de 1ª Instancia de Utuado; que en el Registro de la Propiedad de Arecibo fué presentada una certificación de todos los antecedentes de la adjudicación de la finca en pago y del auto en que se decretó, habiéndose inscrito en común y en la proporción correspondiente á favor de Ledesma, Artau y Cª, Don Fabián Franco y Don Peregrino Villamil; que cuando los adjudicatarios comenzaron á ejercitar actos

de dominio sobre la finca en cuestión, promovieron Don Ramón Amador y Doña Josefa Ramona González y Maldonado ante el Juzgado de 1ª Instancia de Utuado, solamente contra Ledesma, Artau y Cª, un interdicto de retener la posesión de una finca rústica de ciento trece cuerdas, que decían hallarse ubicadas en los barrios de Limones y Don Alonso, sitio de las Cuevas, del término de Utuado, y haberla adquirido de su padre Don Manuel, quién á su vez la hubo de Don Manuel de Jesús Colón por escritura de veinte y cuatro de Enero de mil ochocientos cincuenta y nueve, inscrita en el Registro de la Propiedad del partido, inscribiéndose luego la propiedad á favor de Don Ramón Amador y Doña Josefa Ramona González; que dicho interdicto, en el que sus promoventes reconocieron á Ledesma, Artau y Cª como dueños de la finca adjudicada, se fundó en la falsa afirmación de que al querer aquella sociedad cultivar los terrenos, trataba de perturbarles en la posesión que jamás habían tenido de las referidas ciento trece cuerdas, y se declaró sin lugar por sentencia que dictó el Juez de Utuado en veinte y siete de Mayo de mil ochocientos noventa y ocho, revocada luego por la pronunciada en grado de apelación con fecha doce de Junio de mil ochocientos noventa y nueve, la que declaró con lugar dicho interdicto, ordenando mantener á Don Ramón Amador y á Doña Josefa Ramona González en la supuesta posesión, y que se requiriese á Ledesma, Artau y Cª para que se abstuvieran de realizar actos que tendiesen á perturbar en aquélla á los González, bajo apercibimiento de lo que en derecho procediera, sin perjuicio de tercero, con reserva á las partes de su derecho de propiedad para que lo utilizaran, si así les convenía en el juicio correspondiente, y con imposición de las costas á Ledesma, Artau y Cª; y que en la tramitación del referido interdicto se limitaron los González á practicar la información previa, en que hicieron declarar á tres testigos que les constaba que aquéllos poseían la finca de ciento trece cuerdas y que

Ledesma, Artau y C.ª, habían intentado perturbarles en su posesión, sin que en el acto del juicio verbal reprodujeran la prueba testifical, ni formularan otra alguna, ni justificaran siquiera la existencia real y efectiva de los terrenos que decían poseer; y como fundamentos legales de su pretensión citaron los demandantes los artículos 348 y 609 del Código Civil, los 1,502, 1,503, 1.504, 1,556, 1,652 y 1,654 de la Ley de Enjuiciamiento Civil, el 172 del Reglamento para la ejecución de la Ley Hipotecaria, y el 63 de la Orden General número 118 de quince de Agosto del año próximo pasado, sin que á la demanda se acompañara documento alguno.—Resultando: Que Don Ramón Amador y Doña Josefa Ramona González y Maldonado contestaron á la demanda, alegando que tenían el dominio proindiviso de las ciento trece cuerdas de terreno á que se referían los demandantes y que venían poseyendo con justo título y buena fe, desde veinte y ocho de Diciembre de mil ochocientos setenta y ocho, en que falleció su padre Don Manuel González, las cuales por ningún concepto han podido ni pueden formar parte de la agrupación de fincas cuyo dominio se reclama; que en ninguna época habían gravado, cedido ni traspasado las referidas ciento trece cuerdas que son hoy objeto del litigio; que tienen en esos terrenos el dominio pleno proindiviso á título de herencia de sus padres; que Ledesma, Artau y C.ª, Don Fabián Franco y Don Peregrino Villamil no han tenido ni tienen justo título en esas ciento trece cuerdas de terreno, deslindadas y descritas en la certificación de inscripción expedida por el Registrador de la Propiedad de Arecibo, y por consiguiente no han podido sufrir daños y perjuicios bajo concepto alguno; y citando como fundamentos de derecho los artículos 349, 350, 392, 657, 661, 1,026, 1,051, 1,052 y 1,068 del Código Civil, los 2.º y 389 de la Ley Hipotecaria, la sentencia del Tribunal Supremo de Justicia de España de diez y seis de Marzo de mil ochocientos sesenta, y la Ley 8.ª título 22 de la partida 3.ª, terminaron suplicando se les absolviera de la demanda con

imposición de costas á los demandantes, condenando además á Ledesma, Artau y Cª á que les pagaran en concepto de indemnización de daños y perjuicios la cantidad de siete mil quinientos veinte y cinco pesos, á cuyo fin formularon reconvención, en la que expusieron los hechos y fundamentos de derecho que para sostenerla estimaron convenientes, cuya reconvención impugnaron los demandantes pidiendo se declarara sin lugar.—Resultando: Que suministradas pruebas por ambas partes, figuran entre las de la parte actora, además de la documental, testifical y de confesión, el plano de la finca objeto de la súplica de la demanda, levantado por perito agrimensor, con la información del mismo, y en la documental una certificación librada por el Registrador de la Propiedad de Arecibo, expresiva de las inscripciones hechas en su oficio con relación á los diversos terrenos á que en los hechos de la demanda se alude, hasta llegar á la inscripción de la adjudicación en pago de los que son materias del juicio, sin que hayan venido á éste los títulos inscritos; figurando en la prueba de los demandados, además de la testifical y de confesión, como parte de la documental una escritura pública de veinte y cuatro de Enero de mil ochocientos cincuenta y nueve, inscrita en el Registro de la Propiedad de Arecibo en nueve de Octubre de mil ochocientos ochenta, por la que Don Manuel de Jesús Colón vendió á Don Manuel González ciento trece cuerdas de terreno radicadas en el barrio de Limón y Don Alonso, sitio de las Cuevas, cuyos límites se consignan en los siguientes términos: "de una Moca que está en la hoya de una quebrada lindando con Don Francisco Viruet y el comprador, de aquí línea recta hasta el sitio del Pilón de la misma quebrada, de aquí lindando con Juan Manuel Rodríguez, á un roble, y con el mismo lindero, á una guava que está en la hoya del Caliche, y siguiendo hoya arriba lindando con Don Juan Francisco Viruet hasta el remate de la hoya, y de aquí línea recta á la Moca donde se empezó."—Resultando: Que el Tribunal de Distrito de Arecibo dictó sentencia en siete

de Marzo último, por la que declaró sin lugar la demanda
reivindicatoria y la reconvención, absolviendo de aquélla
á Don Ramón Amador y á Doña Josefa Ramona Gon-
zález y Maldonado, y de ésta á Ledesma, Artau y Cᵃ, con
una cuarta parte de costas á cargo de los demandados
González y Maldonado, y las tres cuartas partes restan-
tes á cargo de la referida sociedad, de Don Fabián Franco
Vicente y Don Peregrino Villamil Torrado.—Resultando:
Que contra esa sentencia impusieron Ledesma, Artau, y Cᵃ,
Don Fabián Franco y Don Peregrino Villamil, recurso
de casación por infracción de ley, autorizado por los nú-
meros 1º y 7º del artículo 1,690 de la Ley de Enjuicia-
miento Civil, alegando los siguientes motivos.—1º Error de
hecho y de derecho en la apreciación de las pruebas, con in-
fracción de los artículos 1,216 y 1,218 del Código Civil,
puesto que se declara en la sentencia que la finca descrita en
la escritura pública de veinte y cuatro de Enero de mil
ochocientos cincuenta y nueve y traída á los autos por los
demandados para acreditar su dominio, está comprendida en
el plano presentado por el perito agrimensor con sólo unir
los puntos conocidos con los nombres de Moca y Pilón,
cuando éste afirma categóricamente que sólo pudo hallar en
el terreno, nada más que por indicaciones de Don Agustín
Viruet, apoderado de los demandados, los puntos designados
en dicha escritura con los nombres de Moca, Remate de la
Hoya, sitio del Caliche y Pilón, sin que pudiera cerrar la
figura geométrica, porque para ello hubiera tenido que tirar
una línea recta desde el punto denominado Moca al llamado
Pilón, y si bien en la escritura mencionada se afirma que de
uno á otro punto hay una línea recta, se agrega que ambos
están en la misma quebrada, y no lo están los indicados por
dicho Viruet.—2º Igual error de hecho y de derecho en la
apreciación de las pruebas, con infracción de los artículos ya
citados del Código Civil, por cuanto no siendo posible tirar
la línea recta que una los puntos denominados Moca y Pilón,
y trazando tan sólo la que comprende los puntos denomina-

dos Moca, sitio del Caliche y Pilón, determinados por el único informe interesado de Viruet, no es posible cerrar la figura geométrica, y queda por tanto sin determinarse la finca cuya propiedad alegan los demandados, no habiendo podido en su consecuencia el Tribunal sentenciador declarar que no se ha comprobado la existencia de esa finca, porque según dice el agrimensor en su informe, sin ser redargüidas y sí aceptadas por la parte contraria sus afirmaciones, ninguno de los dueños de los terrenos limítrofes confirmó lo dicho por Viruet de que donde se señalan en el plano los puntos indicados con los nombres de Moca, Remate de la Hoya, Caliche y Pilón están los indicados con esos nombres en la escritura de referencia, porque la afirmación de Viruet no debe tenerse en consideración, ya que es apoderado de los demandados, porque no siendo posible unir por medio de una recta los puntos de Moca y Pilón, sería preciso para cerrar la figura geométrica unir, como afirma el agrimensor, sin que lo autorice la referida escritura, el punto denominado Moca con otro punto y éste con el Pilón, quedando entonces terminada la figura con la colindancia Este de la finca El Monte, y los Señores González ocupando una extensión de doscientas diez cuerdas, cuando su escritura reza sólo ciento trece cuerdas, porque el agrimensor, con razones irrebatibles y perfectamente comprobadas, no admite que esa porción de terreno sea la que se describe en la repetida escritura, y porque según certificación expedida por el Alcalde de Utuado, Doña Josefa Ramona González y Don Ramón Amador del mismo apellido no pagan contribución por ninguna finca de aquella cabida, satisfaciéndola solamente la primera desde el diez y siete de Abril de mil ochocientos noventa y nueve por una finca de setenta y ocho cuerdas.—3° Error de hecho y de derecho en la apreciación de las pruebas, al no reconocer como probado la Sala sentenciadora que el perímetro que se encierra en el plano formado por el agrimensor dentro de las líneas en él marcadas, es exactamente el de la finca primero hipotecada y después adjudicada á los deman-

dantes y de la que indebidamente están ocupando parte
los demandados, infringiendo así en cuanto al error de
derecho, además de los artículos ya citados, los 1,243 y
1,248 del Código Civil, en relación el primero con el
631 de la Ley de Enjuiciamiento Civil, toda vez que de
la certificación de inscripción de dicha finca en el Re-
gistro de la Propiedad de Arecibo, perfectamente conteste
con el informe del agrimensor y con las declaraciones de los
testigos presentados, sobre todo el anciano Don Luis Barrio
Guzmán, que fué dueño de la finca adjudicada y es pariente
de Agustín Viruet, apoderado de los demandados, clara-
mente se deduce aquella prueba.—4º  Igual error de hecho
y de derecho por no haber reconocido la Sala sentenciadora
como probado que de la finca de quinientas cuerdas, veinte
y cinco céntimos, adjudicada á los demandantes, tienen
éstos, cuando menos inscrito á su favor el dominio perfecto
de trescientas cuarenta cuerdas desde el diez y siete de
Marzo de mil ochocientos ochenta y la posesión con buena
fe y justo título de las ciento diez cuerdas restantes desde el
once de Junio de mil ochocientos ochenta y siete, como así
lo comprueba la certificación del Registrador de la Propie-
dad de Arecibo, según la cual los demandantes poseen con
buena fe en concepto de dueños públicos y pacíficamente
hasta el catorce de Abril de mil ochocientos noventa y ocho,
en que según la certificación del Tribunal del Distrito de
San Juan, dedujeron el interdicto los demandados, la finca
de quinientas cuerdas veinte y cinco céntimos, cuya finca
fué formada por segregación de otra de seiscientas treinta
cuerdas, veinte y cinco centavos, que á su vez se formó con
ciento diez cuerdas, de las que los primeros poseedores sólo
inscribieron la posesión en once de Junio de mil ochocientos
ochenta y siete, y con quinientas veinte cuerdas veinte y
cinco céntimos, segregadas también de otra de mayor cabida,
cuyo dominio figura inscrito á nombre de sus primitivos
dueños desde el diez y siete de Marzo de mil ochocientos
ochenta, habiendo infringido el Tribunal sentenciador, al

incurrir en el error de derecho apuntado, los artículos 1,216 y 1,218 del Código Civil.—5? Infracción de los artículos 348, 609, 1,445, 1,462, 1,473, 1,930, 1940, 1,941, 1,949, 1,950, 1,951, 1,952, 1,953, 1,954 y 1,957 del Código Civil, modificado el último por la Orden Judicial de cuatro de Abril de mil ochocientos noventa y nueve, de los 17, 25, párrafo 3? del 34, y párrafo 1? del 35 de la Ley Hipotecaria, y del 172 del Reglamento para su aplicación, por cuanto debiendo admitirse como probado que de la finca adjudicada está inscrito á favor de los demandantes el dominio de trescientas cuarenta cuerdas desde el diez y siete de Marzo de mil ochocientos ochenta, y la posesión con buena fe y justo título de las ciento diez cuerdas restantes desde el catorce de Abril de mil ochocientos ochenta, debió declararse con lugar la acción reivindicatoria ejercitada contra los demandados, porque en cuanto á las ciento diez cuerdas de que sólo tienen inscrita la posesión, han adquirido aquéllos su dominio por prescripción, y en su consecuencia tienen hoy el de toda la finca de un modo pleno y absoluto; porque los demandados no han comprobado que la parte que detentan de la finca, sea por su idéntica extensión é igualdad de colindancias y por su situación topográfica, la que dicen haber adquirido por herencia de su padre, que á su vez la hubo por escritura pública de veinte y cuatro de Enero de mil ochocientos cincuenta y nueve, y porque aun habiéndose justificado ese importantísimo extremo, siempre resultaría que la titulación de los demandantes, en cuanto al dominio de las trescientas cuarenta cuerdas fué inscrita con anterioridad al título de los demandados, y los efectos de ese título quedarían anulados por la prescripción en cuanto á las ciento diez cuerdas restantes.—6? Infracción del principio *actore non probante, reus est absolvendi*, que es aplicable á contrario sensu al demandado, cuyas excepciones, si no han sido justificadas, deben desestimarse; doctrina, sentada por el Tribunal Supremo de Justicia de España en sentencias de veinte y uno de Enero de mil ochocientos sesenta

y siete, veinte y uno de Diciembre de mil ochocientos ochenta y dos y primero de Diciembre de mil ochocientos ochenta y siete, y que ha infringido notoriamente la Sala sentenciadora al reconocer á los demandados el dominio de la porción de terréno que ocupan en la finca de que se trata, sin haber probado en forma alguna la identidad de esa porción de terreno con la indicada en la escritura de veinte y cuatro de Enero de mil ochocientos cincuenta y nueve.—Vistos: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que la acción reivindicatoria del dominio de una cosa sólo puede prosperar cuando se ejercita contra el tenedor ó poseedor de ella, y cuando se acredita cumplidamente dicho dominio, sin que sea lícito pretender suplir esa prueba ó lo que de ella falta por medio de objeciones dirigidas á las del demandado, quien no necesita oponer á la demanda más que la simple tenencia, sin que se le pueda obligar á exhibir el título con que posea, como así lo establecen los artículos 348 y 448 del Código Civil, y lo confirma la jurisprudencia del Tribunal Supremo de Justicia de España, anterior á la extinción de su soberanía en esta Isla.—Considerando: Que aun en la hipótesis de que el Tribunal de Distrito de Arecibo hubiera incurrido al apreciar las pruebas de la parte demandada en los errores de hecho y derecho que se apuntan en los motivos 1º y 2º del recurso, tales errores, no son de influencia en la parte dispositiva del fallo, cuya razón fundamental es la de que el actor no ha justificado ser dueño de la cosa litigiosa, pudiendo ser todos los demás razonamientos con que se pretenda robustecer la sentencia absolutoria más ó menos atinentes, pero innecesarios, como sucede con los que son materia de impugnación en los expresados motivos, por referirse á pruebas que la parte demandada no estaba obligada á suministrar, sino la demandante en virtud de la doctrina legal ya expuesta.—Considerando: Que tampoco son de influencia en la parte dispositiva del fallo los errores de hecho y de derecho en la apreciación de las pruebas atribuí-

dos á la Sala sentenciadora en el tercer motivo del recurso, pues aunque la finca objeto de la reivindicación fuera la misma que ha marcado el perito agrimensor en el plano que de ella levantó, la sentencia se sostendría mientras existiera el fundamento esencial y necesario de ella, consistente en no haberse justificado por la parte actora el dominio reclamado.—Considerando: Que al consignar la Sala en uno de sus fundamentos de derecho que en mérito de la titulación con que se subastó la finca de que se trata y se adjudicó á los demandantes, no cabe duda de que éstos sólo adquirieron los derechos que de esa titulación se derivan, ó sea la posesión en parte, y en parte la propiedad y dominio pleno del inmueble adjudicado, ha reconocido la eficacia de la certificación de inscripción expedida por el Registrador de la Propiedad de Arecibo, pues no otra cosa se desprende de ella; y por tanto, no ha incurrido en los errores de hecho y de derecho que se alegan en el 4º motivo del recurso.—Considerando: En cuanto á las infracciones legales expuestas en el 5º motivo del recurso, que además de omitirse la expresión del concepto en que se ha cometido cada una de ellas, según exige el artículo 1,718 de la Ley de Enjuiciamiento Civil, es un hecho probado que los demandados no poseen toda la finca objeto de la demanda, por lo que no ha debido ejercitarse contra éstos la acción reivindicatoria en la forma en que se ha hecho, sino únicamente para recuperar la parte que realmente poseen; y que respecto de esa parte poseída, no pudiendo precisarse, por no haberse practicado deslinde alguno, si está comprendida en los terrenos de que los demandantes tienen título de dominio ó en los otros cuya posesión se ha inscrito en el Registro, es imposible afirmar que de dicha parte de terreno se haya comprobado el dominio por parte de los demandantes, como tampoco cabe sostener que lo han adquirido por prescripción, pues no habiendo sido alegada en la demanda como medio de adquirirlo, no puede ser materia de discusión en el pleito ni en el recurso; pero aun en el supuesto de que tal

discusión fuera legal, nunca conduciría al fin que se propone la parte recurrente, por falta de identificación de los terrenos á que se refiere la información posesoria, inscritos en el Registro con los que posee la parte demandada, y ser en su consecuencia imposible definir si se han llenado ó no todos los requisitos de la prescripción, por todo lo cual no han sido infringidas las disposiciones legales que se invocan.—Considerando: Que lejos de infringir el Tribunal sentenciador el principio *actore non probante, reus est absolvendus,* invocado en el 6º y último motivo del recurso, le ha dado recta y debida aplicación al absolver á los demandados por estimar que la parte actora no ha probado el dominio que trata de reivindicar, sin que á contrario *sensu* pudiera declarar con lugar la demanda por falta de justificación del dominio que alegan los demandados, pues, según se deja dicho, no estaban obligados á suministrar esa prueba, bastándoles alegar la tenencia. — Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la representación de Ledesma, Artau y Cª, Don Fabián Franco y Don Peregrino Villamil, á los que condenamos en las costas; y comuníquese esta resolución, con devolución de los autos, al Tribunal del Distrito de Arecibo, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—El Juez Asociado Don Louis Sulzbacher votó en Sala y no firma por estar ausente en uso de licencia, José S. Quiñones.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y cuatro de Octubre de mil novecientos.—E. de J. López Gaztambide, *Secretario.*